### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **SHERMONICA N. JACKSON,** | ) |
| **PLAINTIFF,** | ) |
| **VS.** | )   2:09-CV-2439-JHH |
| **OFFICEMAX,** | ) |
| **DEFENDANT.** | ) |

### MEMORANDUM OF DECISION

The court has before it the May 3, 2010 motion (doc. #19) to dismiss for want of prosecution filed by Defendant OfficeMax North America, Inc. ("OfficeMax"). The motion correctly details the short history of this case, and the motion is well-taken.

### I. BACKGROUND

Plaintiff filed her Complaint on December 2, 2009, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*, and violations of 42 U.S.C. § 1981. (Compl. ¶¶ 27-38, 39-50, 51-61.) Shortly thereafter, however, Plaintiff became unresponsive to repeated attempts by her attorneys to contact her. (See docs. #13 & #15 ¶6.) For instance, on January 12, 2010, Defendant served its First Set of Interrogatories and First Request for Production of Documents to Plaintiff. (Ex. A to doc. #15.) After Plaintiff failed to timely respond

to the discovery requests, Defendant made repeated attempts to obtain responses, but was informed by Plaintiff's attorneys that they had been unable to communicate with Plaintiff since approximately mid-December, mere weeks after filing the Complaint. (See doc. #15 ¶¶ 2-4.)

On March 17, 2010, Plaintiff's counsel filed a motion to withdraw (doc. #13), citing a "breakdown in communication." (Id. ¶1.) Plaintiff's counsel stated that they had "tried contacting Plaintiff on numerous occasions, via letter and telephone" with no response and that "Plaintiff has made no effort to contact her counsel." (Id.) The court took the motion under consideration and gave Plaintiff about a month to show cause why her attorneys should not be permitted to withdraw. (Doc. ¶ 14.)

A day later, on March 19, 2010, OfficeMax filed a Motion (doc. #15) to Compel Written Discovery Responses or, Alternatively, Dismiss for Want of Prosecution. The court held that motion in abeyance until it reached a ruling on the motion to withdraw, (doc. #16), hoping to spark something in Plaintiff to do something in furtherance of her pending case. After hearing nothing from Plaintiff, however, on April 13, 2010, the court granted the motion to withdraw and entered Plaintiff as appearing pro se. (Doc. #18) The court also granted the motion to compel and allowed Plaintiff until April 30, 2010 to respond, in full, to Defendant's outstanding discovery requests. (Id.) Further, the court stated that it would entertain

2

a renewed motion to dismiss for want of prosecution if Plaintiff did not comply with the court's order. (Id.) Plaintiff failed to comply with the court's April 13, 2010 order, and Defendant filed the instant motion (doc. #19) to dismiss for want of prosecution on May 3, 2010.

## II. DISCUSSION

District courts possess inherent power to sanction errant litigants before them. See Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002). These incidental, inherent powers unquestionably include the power to dismiss an action for failure to prosecute. See In re Mroz, 65 F.3d 1567, 1575 n. 9 (11th Cir. 1995) (recognizing that power exists); see also Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir.1983); U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 250-51 (2nd Cir. 2004) (reaffirming district court's authority to dismiss actions for failure to prosecute and pointing out that such authority is an important tool for preventing undue delays and avoiding docket congestion). Indeed, Federal Rule of Civil Procesure 41(b) expressly "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with

a court order or the federal rules." Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken only as a last resort, when lesser sanctions would be inappropriate, and "only in the face of a clear record of delay or contumacious conduct by the plaintiff." McKelvey v. AT & T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir. 1986); see also Goforth, 766 F.2d at 1535 (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4-5 (1st Cir. 2002); see also Jones, 709 F.2d at 1462 (affirming dismissal for failure to prosecute where plaintiff disregarded multiple court orders directing him to respond within a certain time); Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); Vega-Encarnacion v. Babilonia, 344 F.3d 37,

40 (1st Cir. 2003) (recognizing that failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute).

Here, Plaintiff has failed to comply with the Federal Rules of Civil Procedure and failed to communicate with her former attorneys. Additionally, she failed to obey the court's April 12, 2010 order, requiring her to respond to the outstanding discovery requests. In sum, she has utterly failed to prosecute her case. The court, therefore, finds that dismissal of this action without prejudice[1] for want of prosecution is the only appropriate sanction. Defendant's motion (doc. #19) is **GRANTED**, and a separate order of dismissal will be entered.

**DONE** this the ___4th___ day of May, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Although the dismissal is without prejudice, her claims under Title VII would be time-barred in any future action.